IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRIAN KEITH SPRINGER, #249422, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-838-ID |
| ) | [WO] |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION ON MOTION**

**NOTICE TO PRISONERS: Pursuant to the 1996 revisions to 28 U.S.C. § 1915, the requisite procedures for filing civil actions *in forma pauperis* have substantially changed. Additionally, in accordance with the provisions of the Deficit Reduction Act of 2005, the filing fee for civil actions has increased to $350. The attached notice contains an explanation of these changes.**

The plaintiff, a state inmate, an inmate account statement which the court construes as a request for leave to proceed *in forma pauperis* before this court. *Court Doc. No. 2*. In accordance with the provisions of 28 U.S.C. § 1915(b)(1), a prisoner who seeks to proceed *in forma pauperis* in a civil action or on appeal is required to pay the full amount of the requisite filing fee. However, where an inmate lacks the funds necessary to pay the entire filing fee upon initiation of the civil action or appeal and has money available to him, the court shall assess and collect an initial partial filing fee.

The plaintiff submitted certified financial information which provides the court with information necessary to determine the average monthly deposits to the plaintiff's inmate account prior to the filing of this complaint. A review of this information reveals that the plaintiff lacks the funds necessary to pay the $350.00 filing fee. The documents further establish that for the six month period immediately preceding the filing of the instant complaint the average monthly deposits to plaintiff's prison account were $142.50. Such amount is greater than the average monthly balance of plaintiff's account. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A), the plaintiff is required to pay an initial partial filing fee of $28.50. Accordingly, it is

ORDERED that on or before October 26, 2010 the plaintiff shall forward to the Clerk of this Court the sum of $28.50 as an initial partial filing fee. **The plaintiff is hereby advised that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of his funds to this court for payment of the initial partial filing fee**. If the funds have been dispersed from the plaintiff's prison account and are not now available to him, the plaintiff must make arrangements for payment of the requisite filing fee.

In accordance with the provisions of 28 U.S.C. § 1915(b)(2), it is hereby

ORDERED that:

1. The plaintiff shall make monthly payments of 20 percent of each preceding month's

income and/or funds credited to his account as payments towards the $350.00 filing fee.

2. Those persons having custody of the plaintiff shall forward the 20 percent payments described in the above paragraph from the plaintiff's account to the clerk of this court each time the amount in the plaintiff's account exceeds $10.00 until the $350.00 filing fee is paid in full. *Id.*

To aid the plaintiff and those persons having custody of the plaintiff in complying with the requirements of this order, the clerk is DIRECTED to furnish a copy of this order to the account clerk at the Elmore Correctional Facility. **The account clerk is hereby advised that no funds may be taken from the plaintiff's account for payment of the $28.50 initial partial filing fee without permission of the plaintiff as the plaintiff must request payment of such by the account clerk.**

It is further

ORDERED that except to the extent that payment is required under this order the plaintiff's motion for leave to proceed *in forma pauperis* is hereby GRANTED.

The plaintiff is cautioned that if he fails to pay the initial partial filing fee in compliance with this order the Magistrate Judge will recommend that his case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist. The plaintiff is advised that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of

time within which to file the fee.

**The plaintiff is further advised that if this case is dismissed for failure to pay the initial partial filing fee *or* for any other reason he remains obligated to pay the $350.00 filing fee**. The filing fee will be collected from any funds which become available to the plaintiff and will be forwarded to this court by those persons having custody of the plaintiff pursuant to the directives contained in this order. *Moreover, the plaintiff is hereby informed that notwithstanding payment of the initial partial filing fee this court will dismiss this case prior to service of process if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). Accordingly, if the plaintiff does not wish to proceed with this case he may seek dismissal of the case and request that no filing fee be collected.*

Additionally, the plaintiff is advised that if he files a notice of appeal he will likewise be required to pay the requisite appellate filing fee which is currently $455.00. Thus, if at the time the plaintiff files a notice of appeal he has the necessary funds to pay the $455.00 filing fee, he must submit such amount to the court with the notice of appeal. If the requisite funds are not available and the plaintiff seeks to proceed *in forma pauperis* on his appeal, he must complete an affidavit in support of such request and supply the court with a certified copy of his prison account statement for the 6-month period preceding the filing of the appeal. However, the plaintiff is informed that regardless of this court's determination on his

*in forma pauperis* motion the entire appellate filing fee will be collected from those persons having custody of him from funds available in his prison account in a manner similar to that outlined in this order.

Done this 6th day of October, 2010.

     /s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

# NOTICE
## INFORMATION TO PRISONERS SEEKING LEAVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915 IN CIVIL ACTIONS BEFORE ANY FEDERAL COURT

**In accordance with 1996 amendments to the *in forma pauperis* (IFP) statute governing civil actions in federal court, as a prisoner you will be obligated to pay the full filing fee of $350.00 for a civil action**. **If you later file an appeal, the filing fee for the appeal is $455.00 and you will likewise be responsible for payment of such fee. Thus, if at the time you file your action you have the funds available to pay the requisite filing fee, you must send such amount to the court with your complaint or notice of appeal and, if appropriate, your IFP application.**

If you do not have enough money to pay the full filing fee when your action is filed, you can file the action without prepayment of the filing fee. However, the court will assess and, when funds exist, collect an initial partial filing fee. The initial partial filing fee will be equal to 20 percent of the average monthly deposits to your prison or jail account for the six months immediately preceding the filing of the lawsuit, or 20 percent of the average monthly balance in your prison or jail account for that same six month period, whichever is greater. The court will order that you make the initial partial filing fee out of your prison or jail account or any other funds you have indicated are available to you. **If you fail to submit the initial partial filing fee, your case will be dismissed and the full amount of the filing fee will be collected from those persons having custody of you**.

After the initial partial filing fee has been paid, you will be responsible for paying the balance of the filing fee. To fulfill your obligation for payment of the full filing fee, each month you will owe 20 percent of your preceding month's income toward the balance on the filing fee. Pursuant to an order of the court, the agency that has custody of you will collect that money and send payments to the court any time the amount in the account exceeds $10.00. **You are advised that the balance of the filing fee will be collected even if the action is subsequently dismissed for any reason, summary judgment is granted against you, or you fail to prevail at trial.**

In order to proceed with an action or appeal *in forma pauperis* you must complete the affidavit in support of your request to proceed *in forma pauperis* and supply the court with a certified copy of your prisoner account statement for the 6-month period preceding the filing of the complaint or notice of appeal and return it to the court with your cause of action. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

**Regardless of whether some or all of the filing fee has been paid, the court is required to screen your complaint and to dismiss the complaint if (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim on which relief can be granted; or (4) you sue a defendant for money damages and that defendant is immune from liability for money damages**.

**If on three or more occasions you have filed actions or appeals while a prisoner which were dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, then you will be prohibited from bringing any other actions *in forma pauperis* unless you are in imminent danger of serious physical injury. In such cases, your request to proceed *in forma pauperis* will be denied and you will be required to pay the appropriate filing fee before proceeding in your civil action.**